**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Lissa YUSON, Defendant–Appellent.**

**No. 97–50321.**

**D.C. No. CR 96–00818–R–01.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2000.

Decided Jan. 10, 2001.

Before BROWNING, PREGERSON,
and BEEZER, Circuit Judges.

### MEMORANDUM [1]

Defendant-appellant Lissa Yuson appeals her sentence for conspiracy to commit mail fraud, and aiding and abetting mail fraud in violation of 18 U.S.C. §§ 371 and 1341. On June 16, 1997, following a guilty plea pursuant to a plea agreement, Yuson was sentenced to thirty-three months imprisonment and three years supervised release. The district court also ordered Yuson to pay restitution in the amount of $430,272 as well as a $200 special assessment.

On March 18, 1998, the government filed a motion to reduce Yuson's sentence to time served in recognition of her "substantial assistance" to law enforcement. The district court granted the motion but ordered that the remaining terms of Yuson's sentence, including the restitution payment, remain in place. Yuson has now completed her sentence and is currently serving her term of supervised release.

On appeal, Yuson asserts that: (1) the district court erred by failing to hold a hearing regarding the merits of her motion for substitution of counsel; and (2) the district court abused its discretion in determining the amount of restitution that she is required to pay. We agree.

On May 5, 1997, approximately six weeks prior to sentencing, Yuson, without the assistance of her counsel, filed an

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

"Emergency Motion To Dismiss Retained Counsel as Defendant's Attorney of Record, and to Appoint Replacement Counsel at Government Expense." Although the docket sheet reflects that this motion was filed with the district court, no action was taken in response to the motion, which we note was not called to the district court's attention by either government or defense counsel. Nor did Yuson call the motion to the district court's attention when she was asked if she had anything to say before the imposition of sentence.

There is little question that the motion should have been ruled on. *United States v. Musa*, 220 F.3d 1096, 1102 (9th Cir. 2000); *see also Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir.2000) (en banc).

In addition, Yuson also asserts that the district court erred at the sentencing hearing by stating that it is the *defendant's* burden to *disprove* the amount of loss proposed by the government. Yuson is correct. Under the Victim and Witness Protection Act, the burden is on the government to establish the loss sustained by a victim. 18 U.S.C. § 3664(e). Thus, the district court incorrectly stated that Yuson has the burden of disproving the amount of loss proposed by the government. During oral argument before us, the government agreed that this case should be remanded for the purpose of fixing the amount of restitution. We agree and the remand is without prejudice to Yuson moving for substituted counsel.

Accordingly, the restitution order is VACATED, and the matter is REMANDED to the district court for further proceedings consistent with this memorandum disposition.